## BRIDEWELL *v.* WARD.

### Opinion delivered February 6, 1904.

1. PROHIBITION—THREE-MILE LAW—PETITIONS.—Under Sand. & H. Dig., § 4877, providing that whenever a majority of the adult inhabitants of the proposed three-mile district shall petition the county court praying that the sale of intoxicating liquors be prohibited in such district, an order to that effect shall be made, it is the duty of the court to make such an order whenever, prior to the time when the court undertakes to act upon the matter, one or more petitions, signed by a majority of the adult inhabitants of the district, have been filed, asking the court to prohibit the sale of liquors therein. (Page 189.)

2. SAME—EFFECT OF REMONSTRANCE.—The right of the adult inhabitants of a proposed prohibition district to file additional petitions asking for the enforcement of the three-mile law will not be cut off by the filing of a remonstrance against such petition. (Page 190.)

Appeal from Hempstead Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

*McRae & Tompkins,* for appellants.

The statute (Sand. & H. Dig. § 4877) providing that, upon petition of a majority of the adult inhabitants of certain districts, the county court should prohibit the sale of liquors within such districts, is sufficiently complied with if petitions are filed, though separately, presenting such majority in the aggregate. The status of the parties is not fixed until the case is called for trial, and the court erred in refusing to consolidate the petitions. 26 Kan. 650; 45 S. W.; 38 Mo. App. 366; 20 Fla. 425; 38 Mo. App. 566; 70 Ark. 176; 25 S. W. 633.

*W. M. Greene,* for appellees.

The proceeding to obtain such an order as is here asked is not properly a suit between parties, but is more in the nature of an election. Sand. & H. Dig. § § 3012, 4336, 5775 and 7380 have no application. 40 Ark. 290; 51 Ark. 250; 70 Ark. 175. The filing of the petition of Bridewell and others was a "presentation" of the case. 51 Ark. 164; 70 Ark. 175.

BATTLE, J. On the 16th of December, 1902, C. A. Bridewell and others filed in the county court of Hempstead county twenty petitions, containing in all 848 different names, praying for an order prohibiting the sale of liquor within three miles of the Missionary Baptist church, situate on lot 1, in block 55, in the town of Hope, Hempstead county, Arkansas. These petitions were securely fastened together, and filed at the same time. Shortly after the filing, and on the same day, Ward & Key appeared and asked leave to file a remonstrance, which was granted, and they did so. It was then discovered that there were five other petitions of H. J. F. Garrett and others, containing 144 other names, which were not filed, and C. A. Bridewell and others asked leave to withdraw their petitions for the purpose of filing them with the five. The court took this motion under advisement until the next day, and on that day the court denied the motion. Then C. A. Bridewell and others asked leave to file the petitions of Garrett and others, and make the same a part of, and an amendment to, their petition. This motion the court also denied, announcing that any persons might withdraw their names from the petition, if they desired to do so, which it had no right to do. The court then ordered the petitions of Garrett and others to be filed as a separate petition, and they were filed, and thereupon Bridewell and others

asked that all the petitions be consolidated, because they were asking for the same relief, and the matter in controversy in both cases was the same. This motion was also denied. On the 29th of December, 1902, Leon H. Williams and others filed their petition, and Bridewell and others asked that it be made a part of their petition, which the court refused to allow to be done. All these petitions were exactly alike, with no difference except the signatures at the end of the same.

After the filing of the last petition the county court took up and considered the petition of C. A. Bridewell and others, and, refusing to consider the petitions of Garrett and Williams and others as a part thereof, found that they did not contain the names of a majority of the adult inhabitants residing within three miles of the Missionary Baptist church in Hope, and denied the same. Petitioners appealed to the circuit court, where they renewed their motions, which the court denied, and followed the course taken by the county court, and rendered the same judgment; and petitioners appealed to this court.

The question in this case is, should all the petitions have been heard as one?

Section 4877 of Sandels & Hill's Digest, as amended, under which the petitions in this case were filed, is in part as follows: "Whenever the adult inhabitants residing within three miles of any school house, academy, college, university or other institution of learning, or of any church house in this state, shall desire to prohibit the sale or giving away of any vinous, spirituous or intoxicating liquors," etc., "and a majority of such inhabitants shall petition the county court of the county wherein such institution of learning or church house is situated, praying that the sale or giving away of the intoxicating liquors and alcohol enumerated in the premises be prohibited within three miles of any such institution of learning or church house, said county court, upon being satisfied that a majority of such inhabitants have signed such petition, shall make an order in accordance with the prayer thereof," etc.

The statute, stated in a few words, provides that whenever a majority of the adult inhabitants residing within a proposed district of a certain description shall petition the county court, praying that the sale of intoxicating liquors be prohibited in such

district, an order to that effect shall be made. The petitions in this case asked. for such order. They were filed before the county court undertook to consider or act upon any of them, and the court was urged by the petitioners, all concurring, to act upon them as a whole. If they contained the names of the majority of the adult inhabitants in the district, they complied with the statute; the majority petitioned the county court; and the order should have been made. The fact that there were many of them, and that they were filed at different times, did not change their prayer or lessen the number of petitioners. The filing of the remonstrance made no such change, nor did it cut off the right of petition. They were in effect only one petition, and were evidently intended to be used as one. There was but one question for the court to decide, and that was, did a majority of the adult inhabitants residing in the proposed district sign the petitions on file, or any of them? If so, it was the imperative duty of the court to make the order prohibiting the sale of liquor within the district in accordance with the statute.

Reverse, and remand with instructions to the court to proceed in accordance with this opinion.