WILMANS *v.* BORDWELL.

Opinion delivered December 24, 1904.

1. COUNTY COURT—SPECIAL TERM.—Under Sandels & Hill's Digest, § 1165, authorizing the county judge to hold a special term of the county court when the public good of the county demands it, the county judge has the discretion to hold a special term when a petition for the grant of a liquor license is pending and undisposed of. (Page 420.)

2. LIQUOR—THREE-MILE LAW—PETITION TO REVOKE.—The presentation of a petition to revoke an order putting in force the three-mile law three days before the expiration of the two-year period was not premature where no one is shown to have been misled, and no prejudice resulted. (Page 421.)

3. APPEAL—HARMLESS ERROR.—Where the judgment of the lower court is right, the reasons assigned by the court for the judgment are immaterial.  (Page 421.)

Appeal from Jackson Circuit Court.

FREDERICK D. FULKERSON, Judge.

Affirmed.

*J. M. Bell, G. A. Hillhouse, Otis W. Scarborough, Joseph W. Phillips* and *S. D. Campbell,* for appellants.

The county judge was without authority to call a special term of court.  Sand. & H. Dig. § 1165; 2 Ark. 342; 9 Ark. 326. The purported petitions were filed prematurely, and the court was without jurisdiction.  70 Ark. 175; 69 Ala. 569; 64 Ala. 244; 51 Ark. 164; 56 Ark. 110.  Statutory provisions as to time of elections are mandatory:  15 Am. & Eng. Enc. Law, 497; 17 *Id.* 552; 19 *Id.* 502.  In statutory proceedings every jurisdictional element must affirmatively appear of record.  59 Ark. 483; 54 Ark. 643; 51 Ark. 35; 48 Ark. 238; 65 Ark. 142; 11 Am. St. 808; 69 Ala. 569.  The appellees failed to show that the petitions contained a majority of the adult inhabitants.  40 Ark. 290. There was error in admitting testimony.  Sand. & H. Dig. § 7204; 70 Ark. 449.  The court erred in refusing to make the declarations of law asked by appellants.  Sand. & H. Dig. § 2661; 53 Ark. 162.

*Stuckey & Stuckey, Gustave Jones, W. S. Wright, John W. & Joseph M. Stayton,* for appellees.

The material allegations of a complaint (and the petitions are to be taken as a complaint) must be denied, or they are to be taken as true.  6 Ark 150; 9 Ark. 530; 41 Ark. 17; 31 Ark. 345; 37 Ark. 603.  The finding of the court will not be disturbed, since there was evidence to support it.  23 Ark. 24; 26 Ark. 371; 31 Ark. 476; 40 Ark. 144; 60 Ark. 250; 33 Ark. 97; 50 Ark. 305; 53

Ark. 161; 56 Ark. 621. The testimony of Cox was admissible. 50 Ark. 295. The persons circulating the petitions were authorized by the signers to sign the petitions. 49 Ark. 18; 51 Ark. 48.

HILL, C. J. On the 11th day of January, 1901, the county court of Jackson County made an order prohibiting the sale of liquor within three miles of a school house therein designated, in the city of Newport, for a period of two years, and until revoked upon petition of a majority of the adult inhabitants of the prohibited territory.

On January 9, 1903, a petition purporting to contain a majority of the adult inhabitants signed thereto was filed. On January 12, 1903, Wilmans and other citizens filed objections, raising questions of law and fact, to this petition.

The county court of Jackson County adjourned on the 5th day of January, 1903. The county judge called a special term which he convened on January 30, 1903, at which term the petitioners and remonstrants tried the issues raised. The county court on the 2d of March, a day of said special term, revoked the order, and the remonstrants appealed. On trial *de novo* in the circuit court, the county court's action was affirmed, and the remonstrants appealed to this court.

Five errors are alleged to have been committed:

1. It is insisted that the county judge was without authority to call the special term, and that the proceedings therein were without jurisdiction. The order in question recites the lapsing of the January term, and that there remained undisposed of business, and a large number of petitions had been filed, and that the public necessity and public good required that this business be attended to. Section 1165, Sandels & Hill's Digest, authorizes the county judge to hold a special term when the public good of the county demands it. Section 1166 provides for notice of the same, which was complied with in this case. The granting of licenses in this heretofore prohibited district affected the revenue of the whole county, and was not a question confined to the interests of the inhabitants of the three-mile radius, as insisted by appellants. The order also showed unfinished business, which in the opinion of the county judge the public good required should have attention. The special term was properly called.

2. It is next insisted that the petition was prematurely filed, and the county court was on that account without jurisdiction. Under section 4877, Sandels & Hill's Digest, as amended by the act of April 1, 1895, the order of January 11, 1901, continued in force until midnight January 11, 1903, in any event, and thereafter until revoked by an order procured on the petition of a majority of the adult inhabitants of the territory embraced within it.

In this case twenty-two petitions, each similar except as to signatures, were filed on the 9th of January, three days before the two-year period expired. These petitions constituted one petition, under the rule in *Bridewell* v. *Ward,* 73 Ark. 187, 79 S. W. 762.

The presentation of the petition is in the nature of an election. The ballots are considered cast when the petitions containing the signatures are filed, and the polls considered closed when all the petitions have been filed and the matter presented to the county court. In this way the returns of the election are made to the county court. *McCullough* v. *Blackwell,* 51 Ark. 159; *Bordwell* v. *Dills,* 70 Ark. 175; *Bridewell* v. *Ward,* 72 Ark. 187, 79 S. W. 762.

This petition was not for the purpose of immediately revoking the order on its filing, but immediately on the expiration of the period of two years. It was so understood by the signers, and so treated in this court. Therefore no one was misled, no one voted under false impression, and no fluctuation in population sufficient to change the result was shown to have occurred between the 9th and 12th. Not the slightest evidence of prejudice is in the record on account of this filing three days before the period expired.

The presentation of the petition clothes the county court with jurisdiction to act in the premises when it is proper for it to act—after the expiration of the two-year period. The filing of this petition immediately before the expiration of that time, to be acted upon immediately thereafter, was a substantial compliance with the law, and, in the absence of any showing of a difference in the result by reason of filing on 9th instead of the 12th, it is not sufficient ground for reversal.

3. The next point is that the judgment of the court is not sustained by the evidence. It would serve no useful purpose

to review the evidence, for, in the opinion of the court, there was legally sufficient evidence to support the court's finding, and under the settled practice the judgment will not be disturbed when such is the case.

4. Questions as to the court's rulings on evidence are presented. The previous decisions of this court on method of ascertaining the number of such inhabitants and proving signatures of signers on these petitions have disposed of these questions.

5. The last point is alleged errors in the court's declarations of law. As the judgment is right, the reasons assigned are immaterial.

The judgment is affirmed.

RIDDICK, J., dissents.