HAMMETT *v.* HODGES.

Opinion delivered July 15, 1912.

1. INITIATIVE AND REFERENDUM—NUMBER OF PETITIONERS REQUIRED TO INITIATE LEGISLATION.—In computing the number of the legal voters required by Amendment No. 10 to the Constitution to initiate any measure for adoption or rejection by the people, the Secretary of State can take the aggregate of signatures to petitions on separate sheets, filed upon different dates, where all are alike in form and relate to the same subject-matter. (Page 512.)

2. SAME—MEASURES WHICH MAY BE INITIATED.—So much of the enabling act of 1911 (Acts 1911, p. 582) as provides "that this act shall not be construed to allow the initiation of any measure to set aside or revoke any three-mile petition order made by any of the county courts of this State prohibiting the sale of liquor under sections 5128 to 5132 of Kirby's Digest, or local option liquor laws providing methods of determining whether the sale of intoxicating liquors shall be prohibited in any county, city, town or township," is in conflict with Amendment No. 10 to the Constitution, and therefore is inoperative. (Page 514.)

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk*, Judge; affirmed.

STATEMENT BY THE COURT.

The appellants petitioned the circuit court for an injunction against the appellee, setting up that the Secretary of State, Earle W. Hodges, is preparing to publish and submit to the voters for adoption or rejection an act to prohibit the manufacture, sale or giving away in the State of Arkansas of any alcohol, or any spirituous, ardent, malt, vinous or fermented liquors, or any compound or preparation thereof,

commonly called tonics, bitters or medicated liquors, which measure in full they set forth in their petition. They set up that the appellee, unless restrained, will publish and submit the measure. They further allege that "the said Earle W. Hodges, Secretary of State, has not accepted, filed or considered a petition containing 8 per cent. of the legal voters of the State upon a basis of the whole number of votes cast for the office of Governor in the State of Arkansas at the regular general election last preceding the filing of said petition, but state the facts to be that there were filed with the Secretary of State, from time to time, upon different dates, different petitions, all being alike in form and relating to the same subject-matter, but no one of which contained a sufficient number of signatures to constitute 8 per cent. of the legal voters aforesaid, though all of such petitions taken together constitute such per cent."

They allege "that the said petition and measure proposed to be initiated thereby are contrary to and in conflict with the provisions of the act of the General Assembly of the State of Arkansas" approved June 30, 1911, entitled "An Act to provide for carrying into effect the Initiative and Referendum powers reserved by the people in Amendment No. 10 to the Constitution of the State of Arkansas on general, county and municipal legislation." That the act proposed is in conflict with the enabling act in that it "undertakes to initiate a measure to set aside and revoke the three-mile petition orders made by the county courts of this State, prohibiting the sale of liquor as provided under sections 5128 to 5132 of Kirby's Digest, and to set aside and revoke local option liquor laws, providing methods of determining whether the sale of intoxicating liquors shall be prohibited in any county, city, town or township.

To appellant's petition a demurrer was interposed, which was sustained, and the petition dismissed, and this appeal has been duly prosecuted.

*Mehaffy, Reid & Mehaffy,* for appellants.

1. The enabling act provides: "No petition for the initiative shall be accepted, filed or considered by the Secretary of State unless the same shall contain 8 per cent. of the

legal voters, etc." Enabling Act, § 12. This provision of the act is not met by the receipt and filing from time to time by the Secretary of State of fragmentary petitions, no one of which at the time it was received contained a sufficient number of names, and he is not authorized to hold such petitions until a sufficient number have been filed to cause the aggregate number of names thereon to amount to 8 per cent. of the legal voters, and then treat them as one petition, and as filed upon a particular date. See also section 10 of the act; 109 Pac. 309.

2. The proposed act would render inoperative the other provisions of the law of the State by which the question whether the sale of intoxicating liquor shall be prohibited in any county, etc., is determined. Act, § 3; 103 Ark. 48.

*Hal L. Norwood*, Attorney General, and *William H. Rector*, Assistant, for appellee.

1. The objection raised by the appellants to the petition is merely technical. It is conceded that the petitions on file contain more names of legal voters than the 8 per cent. required by law. It is also a fact that the several petitions are identical in form and substance. Until the petitions received by the Secretary of State aggregate 8 per cent. of the legal voters, that official was powerless to act; *but so soon as the required 8 per cent. was on file, a legal petition existed,* and he could proceed in his duty relative to the initiation of laws.

The fact that the petition was divided into separate headings for the purpose of circulating it does not detract from its validity as a whole; and if the required number of signatures are received and filed within the time provided in the enabling act, it is a valid petition. 45 S. W. 459, 460; 130 Ky. 444; 73 Ark. 270; 61 Ark. 477; 72 Ark. 187.

2. If the proposed law is a violation of certain language in section 3 of the enabling act, such offending language is unconstitutional, and should be disregarded.

The Legislature has no authority to limit the powers of the people as reserved to them in the Amendment.

WOOD, J., (after stating the facts). 1. In computing the number (towit, 8 per cent.) of the legal voters required

by Amendment No. 10 to the Constitution to initiate any measure for adoption or rejection by the people, can the Secretary of State take the aggregate of signatures to petitions on separate sheets, filed upon different dates, all however being alike in form and relating to the same subject-matter? In other words, do the petitioners to initiate laws under Amendment No. 10 all have to sign the petition as contained in one sheet filed with the Secretary of State, or may the petition be made up of names signed to different sheets and filed on different dates, all of the separate sheets being in the same form and relating to the same subject-matter? Will the number as ascertained by adding the various names on the different sheets thus presented to and filed with the Secretary of State authorize him to publish and submit to the voters of the State for adoption or rejection the act thus proposed?

Amendment No. 10 provides that "not more than 8 per cent. of the legal voters of the State shall be required to propose any measure," and the enabling act provides that "8 per cent. of the legal voters of the State may, at any time more than four months before any regular general election, propose any measure of general application to the State." Sec. 3 of Act No. 2 Extraordinary Session, Acts 1911, p. 585.

The enabling act sets forth the form of the petition (See section 4 of that act, *supra*).

We are of the opinion that the requisite number may be ascertained by adding together the names of the legal voters signed to the separate sheets that have been filed with the Secretary of State within the time prescribed by the act where these separate sheets, embodying the petition of the signers thereto, are in the form prescribed by the statute, and all containing the same subject-matter, the language of each petition being the same. The separate sheets, thus presented and filed in contemplation of the Constitution and statute, constitute but one petition. The only object of the lawmakers was to have the requisite number of legal voters petition for the measure to be proposed. It is necessary, of course, that the separate sheets should all be of the same form and contain the same subject-matter, because in no other way could it be positively determined that the number necessary to propose a measure under the initiative had all peti-

tioned for the same measure. For convenience in circulating the petition and obtaining the requisite number to have a measure proposed, it is not contrary to the letter of the act, and certainly is in accord with its spirit, to permit separate sheets, containing the same subject-matter and in the same form, to be circulated for the signatures of voters. Authority for this holding is found in the construction of statutes that are analogous concerning the point under review.

In *Butler* v. *Mills*, 61 Ark. 477, it was held (quoting syllabus): "Under the statute providing that when a third of the qualified electors of any county shall join in the petition for removal of the county seat, the county court shall order an election to be held, and the question submitted to the voters, it is not necessary that any one petition contain the requisite number of names, but it is sufficient that all of the petitions contain in the aggregate the requisite number of voters." See also *Williamson* v. *Russey*, 73 Ark. 270.

Under a local option law, put in operation upon the petition of a majority of the adult inhabitants residing within certain designated territory, where a number of petitions were filed, praying for an order of the county court prohibiting the sale of liquor within such territory, this court, speaking through Justice BATTLE, of the separate sheets or petitions filed at different times, said: "The fact that there were many of them, and that they were filed at different times, did not change their prayer or lessen the number of petitioners. * * * They were in effect only one petition, and were evidently intended to be used as one." *Bridewell* v. *Ward*, 72 Ark. 187. See also *Smith* v. *Patton*, 45 S. W. (Ky.) 459.

2. The act to be submitted for adoption or rejection by the people of the State as set forth in the petition is a general law for State wide prohibition, and, if adopted, repeals all laws and parts of laws in conflict with it.

In *State Tax Commission* v. *Moore*, 103 Ark. 48, this court held that Amendment No. 10 to the Constitution was self-executing, and that its provisions could be carried into effect under the general laws then in existence "until legislation shall be especially provided therefor." The Legislature of 1911, in extraordinary session, passed an enabling act "for carrying into effect the Initiative and Refer-

endum powers reserved by the people in Amendment No. 10 to the Constitution of the State of Arkansas."

The law under consideration, as set forth in the petition, is being proposed under the provisions of the above act. The third section of the act provides that "8 per cent. of the legal voters of the State may, at any time more than four months before any general election, propose an amendment to the Constitution of the State or any measure of general application to the State, and 8 per cent. of the legal voters of any county or any city or incorporated town may, at any time more than four months before any regular election, propose any measure, not inconsistent with the general laws or Constitution of the State, applicable only to such county or municipality; provided, this act shall not be construed to allow the initiation of any measure to set aside or revoke any three-mile petition order made by any of the county courts of this State prohibiting the sale of liquor under sections 5128 to 5132 of Kirby's Digest, or local option liquor laws providing methods of determining whether the sale of intoxicating liquors shall be prohibited in any county, city, town or township. Such proposition shall be by petition filed with the Secretary of State; and when any such proposed general measure or amendment to the Constitution shall have received a majority of the legal votes cast thereon at the election at which the same shall have been voted upon and the result of the vote legally proclaimed, as hereinafter provided, the same shall be and become a law or an amendment to the Constitution of this State, and when any measure proposed, of local application only to any county or municipality, shall have received a majority of the legal votes cast upon such proposed measure at the election at which the same shall have been voted upon and the result of the vote legally proclaimed, as hereinafter provided, the same shall be and become a law for such county or municipality," etc.

It is contended that the law proposed to be submitted by the Secretary of State violates that part of the above section which provides as follows: "This act shall not be construed to allow the initiation of any measure to set aside or revoke any three-mile petition order made by any of the county courts of this State prohibiting the sale of liquor under

sections 5128 to 5132 of Kirby's Digest, or local option liquor laws providing methods of determining whether the sale of intoxicating liquors shall be prohibited in any county, city, town or township."

This court, in the case of *Hodges* v. *Dawdy, post* p. 583 has held that Amendment No. 10 does not confer power upon the voters of a municipality or county as such, and apart from the other people of the State, to initiate any kind of legislation. The power of direct legislation by that amendment is reserved to the people of the State as a whole, and not to the people of separate municipalities and counties.

There is no limitation in the Amendment as to the character of legislation to be proposed. It does not restrict the laws to be proposed only to those that do not "set aside or revoke any three-mile petition order made by any of the county courts of this State prohibiting the sale of liquor under sections 5128 to 5132 of Kirby's Digest, or local option liquor laws providing methods of determining whether the sale of intoxicating liquors shall be prohibited in any county, city, town or township."

Therefore, if the proposed law is in conflict with the proviso of the third section of the act above quoted, that proviso must yield; for it proposes restrictions on proposed legislation not found in the Constitution. If the proviso was intended to refer measures to the people and adopted by the people of municipalities and counties acting separately as such, then, as we have seen, it would be inoperative under the construction we have given Amendment No. 10.

When the enabling act is considered as a whole, it is manifest that the Legislature would have passed the act with the proviso of the third section eliminated. The act would be complete without that proviso. Therefore, such proviso can not avail to prevent the submission of the law set forth in the petition.

The judgment of the circuit court dismissing the petition and denying the injunction sought is affirmed.