Garry KYZAR  v.  CITY of WEST MEMPHIS,
Billy Johnson, Mayor; the West Memphis Advertising and Promotion
Commission, Frank Waggener, Chairman; Frank Martin, James Hold,
Clarence Davis, Gheric Bruce, James Pulliaum, Ramona Taylor,
Harold Thomas, Lorraine Robinson, Marco McClendon,
Rev. Hermann Coleman, and Al Felton in their official
capacity as members of the West Memphis
City Counsel, and Phillip Para

04-338                                                                      201 S.W.3d 916

Supreme Court of Arkansas
Opinion delivered January 27, 2005

*Mike Everett,* and *Joe M. Rogers,* for appellant.

*Erika Ross,* and *David Peeples,* for appellee.

J IM GUNTER, Justice. Appellant, Garry Kyzar, appeals from an order from the Crittenden County Circuit Court granting a motion to dismiss filed by appellees, City of West Memphis *et al.* Appellant's complaint requested a writ of mandamus ordering appellees to call an election on a referendum petition concerning a tax increase. We affirm.

On June 26, 2003, the city council ("Council") of the City of West Memphis ("West Memphis") passed Ordinance 2072 ("ordinance"), which levied a one-percent tax upon the gross receipts or gross proceeds from the sale of prepared foods and beverages and from the rental of all hotel and motel facilities in West Memphis, as authorized by Ark. Code Ann. § 26-75-602 (Repl. 1997). This ordinance is known as the "hamburger tax." The collection of this tax increase was to begin on June 26, 2003.

Appellant, among others, signed a petition seeking a referendum election on the ordinance, and on July 24, 2003, the petition was timely filed with the city clerk, appellee Para. The

clerk verified that there were the requisite number of signatures on the petition, but the petition was not certified. On July 30, 2003, at a city council meeting, the mayor of West Memphis announced that the petition was certified by the clerk and that there would be a vote on the ordinance. However, the clerk subsequently rejected the petition as legally void because a copy of the referred ordinance was not attached to the petition as allegedly required by Ark. Code Ann. § 7-9-106(b) (Repl. 2000). The petition was never certified by the clerk, nor was it set for a referendum election.

On September 15, 2003, appellant filed a complaint in which this referendum issue was consolidated with another action alleging an illegal exaction. In his complaint, appellant requested *inter alia* that the trial court issue a writ of mandamus ordering the council to call an election on the petition for referendum, or in the alternative, that the clerk certify the petition for referendum. Appellees filed their answer on September 22, 2003.

On September 22, 2003, appellees filed a motion to dismiss the referendum portion of appellant's complaint. In their motion to dismiss, appellees averred that appellant failed to state a claim under Ark. R. Civ. P. 12(b)(6) with regard to the referendum portion of his complaint. Appellees argue that a writ of mandamus was inapplicable because the petition was void for its failure to satisfy the statutory requirements of Ark. Code Ann. § 7-9-106, which requires a petition to be certified. Appellees conclude that until the sufficiency of the petition is established, through the procedure mandated by Amendment 7 to the Arkansas Constitution, appellant has no legal right that may be enforced by mandamus.

A hearing was held before the Crittenden County Circuit Court. Counsel for appellant advised the court that the issue of the hearing was the legal sufficiency of the petition and that he was not asking the court to rule on the illegal-exaction issue. The trial court granted appellees' motion to dismiss, finding that Ark. Code Ann. § 7-9-106(b) imposes a jurisdictional requirement that a referendum petition on a local ordinance must have a complete copy of the ordinance attached to the petition. Because the petition did not strictly comply with Ark. Code Ann. § 7-9-106(b), it was fatally flawed and could not be set for a referendum election. In compliance with Ark. R. Civ. P. 54(b)(1), the trial court certified that the order was a final judgment with regard to the issue of a referendum vote.

In *Kyzar v. City of West Memphis*, 359 Ark. 366, 197 S.W.3d 502 (2004), we found appellant's addendum to be deficient, pursuant to Ark. Sup. Ct. R. 4-2(a)(8) (2004), and we gave appellant the opportunity to file a substituted addendum. Appellant has done so, and we now consider the merits of his appeal. From the trial court's order granting appellees' motion to dismiss under Ark. R. Civ. P. 12(b)(6), appellant brings his appeal.

When a trial court considers matters outside of the pleadings, the appellate courts will treat a motion to dismiss as one for summary judgment. Ark. R. Civ. P. 12(b); *Smothers v. Clouette*, 326 Ark. 1017, 934 S.W.2d 923 (1996). Summary judgment should only be granted when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Calcagno v. Shelter Mutual Insurance Co.*, 330 Ark. 802, 957 S.W.2d 700 (1997). The burden of sustaining a motion for summary judgment is the responsibility of the moving party. *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Because the order states that the trial court considered "pleadings of the parties, the testimony and arguments from the September 19, 2003, hearing," we will treat the motion as one for summary judgment. *Smothers, supra.*

This appeal also requires us to determine the application of Ark. Code Ann. § 7-9-106(b). We articulated the rules of statutory construction in *Weiss v. American Honda Finance Corp.*, 360 Ark. 208, 195 S.W.3d 911 (2004), where we stated:

> The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Raley v. Wagner*, 346 Ark. 234, 57 S.W.3d 683 (2001); *Dunklin v. Ramsay*, 328 Ark. 263, 944 S.W.2d 76 (1997). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Stephens v. Arkansas Sch. for the Blind*, 341 Ark. 939, 20 S.W.3d 397 (2000); *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997). Where the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legisla-

tive history, and other appropriate means that shed light on the subject. *Stephens, supra* (citing *State v. McLeod,* 318 Ark. 781, 888 S.W.2d 639 (1994)). Finally, the ultimate rule of statutory construction is to give effect to the intent of the General Assembly. *Ford v. Keith,* 338 Ark. 487, 996 S.W.2d 20 (1999); *Kildow v. Baldwin Piano & Organ,* 333 Ark. 335, 969 S.W.2d 190 (1998).

*Weiss, supra* (citing *Faulkner v. Arkansas Children's Hospital,* 347 Ark. 941, 952, 69 S.W.3d 393, 400 (2002)). With these standards of review in mind, we turn to appellant's argument on appeal.

For his first point, appellant argues that the trial court erred in ruling that the requirements of Ark. Code Ann. § 7-9-106 apply to petitions for referendum on municipal ordinances. Specifically, appellant contends that Ark. Code Ann. § 7-9-106 does not apply to municipal ordinances, but only to "any act having general application throughout the state" or "any proposed amendment to the Arkansas Constitution." Ark. Code Ann. § 7-9-101(1) and (2) (Repl. 2000). In response, appellees argue that Ark. Code Ann. § 7-9-106 does apply to municipal referenda.

We are required to review Ark. Code Ann. § 7-9-106(b), which provides:

> (b) To every petition for the referendum shall be attached a full and correct copy of the measure on which the referendum is ordered.

*Id.*

"Measure" is defined in Ark. Code Ann. § 7-9-101, which provides in pertinent part:

> As used in this subchapter, unless the context otherwise requires:
>
> (1) "Act" means any act having general application throughout the state, whether originating in the General Assembly or proposed by the people, and referred acts;
>
> (2) "Amendment" means any proposed amendment to the Arkansas Constitution, whether proposed by the General Assembly or by the people;

* * *

(6) "Measure" means either an amendment or an act[.]

*Id.*[1]

"Measure" is defined by Ark. Code Ann. § 7-9-101(1) and (2), which refer to an act and an amendment, respectively. Because the present case does not involve a proposed amendment to the Arkansas Constitution, subsection (2) does not apply. Thus, we must look to subsection (1), which defines an act, to determine whether it applies to a local ordinance.

In so doing, we note that Amendment 7 authorizes the right of referendum. Amendment 7 amended Art. 5, § 1 of the Arkansas Constitution and is commonly referred to as the Initiative and Referendum Amendment. It provides:

> The initiative and referendum powers of the people are hereby further reserved to the legal voters of each municipality and county as to all local, special, and municipal legislation of every character in and for their respective municipalities and counties, but *no local legislation shall be enacted contrary to the Constitution or any general law of the State*, and any general law shall have the effect of repealing any local legislation which is in conflict therewith.

Ark. Const. art. 5, § 1 (emphasis added). Amendment 7 must be liberally construed in order to effectuate its purposes and only substantial compliance with the amendment is required. *Porter v. McCuen*, 310 Ark. 674, 839 S.W.2d 521 (1992).

Appellant admits in his brief that "[t]he City of West Memphis has, indeed, enacted ordinances governing the referendum, . . . [b]ut those ordinances do not address the attachment of a copy of an ordinance to a petition for referendum." Because there is no local legislation on the subject of attachment, we now address whether Ark. Code Ann. § 7-9-106(b) is applicable to the petition at issue.

This question was addressed in *Townsend v. McDonald*, 184 Ark. 273, 42 S.W.2d 410 (1931), where appellant Townsend sought by mandamus to compel the Secretary of State to file a petition for a referendum on a statewide act passed by the legisla-

---

[1] The statute at issue, Ark. Code Ann. § 7-9-106(b), was enacted by Act 2 of 1911. The definition section, found at Ark. Code Ann. § 7-9-101, was enacted by Act 195 of 1943.

ture. The Secretary of State refused to file the petition because a full and correct copy of the act was not attached to it. We held that the failure to attach a full and correct copy of the measure to be voted upon rendered the petition invalid. *Id.* We stated:

> The statute was not passed as a mere matter of convenience or direction to be observed either by those circulating the petitions or by the Secretary of State. The act was passed as a safeguard to the rights of the voters to whom the petition was offered for signature. The requirement was intended to secure the voters, whose interests were to be affected, an opportunity to know what they were signing, and to know that they were not signing something different from those whose signatures appeared on the petition. *This is a right of great benefit to the voters, and we do not think the requirement should be regarded as merely directory, but that it is a substantial right which is of a mandatory character, and must be complied with or the proceeding will be void.*

*Id.* (emphasis added). In *Townsend, supra,* we held that the attachment requirement is mandatory and jurisdictional.

Citing *State ex rel. v. Olcott,* 62 Or. 277, 125 P. 303 (1912), with approval, we further noted in *Townsend*:

> The [Oregon] court held that it was not necessary to have a full and correct copy of the title and text of the measure proposed attached to each sheet of the petition. This would make each sheet a separate petition and would be putting form above substance. No matter how many signers there are to a petition and how many sheets are used, they are pasted together and become a constituent part of the same petition. It is only necessary that a full and correct copy of the measure on which the referendum is asked be filed with the petition and attached thereto in order that the petitioners may have the opportunity to read it and inform themselves as to the act to be referred *before signing* the petition, if they wish to do so.

*Townsend, supra* (emphasis added).

This rationale comports with our holding in *Reeves v. Smith,* 190 Ark. 213, 78 S.W.2d 72 (1935), where we held that the filing of several parts of a petition constitute but one petition. *Id. See also Bradley v. Galloway,* 279 Ark. 231, 651 S.W.2d 445 (1983) (noting that it is not necessary that a full and correct copy of the referred measure be attached to "each sheet" of the petition); *Leigh v. Hall,* 232 Ark. 558, 339 S.W.2d 104 (1960).

■ With this well-established precedent in mind, as well as the statutory provisions of Ark. Code Ann. § 7-9-106(b), we turn to the case *sub judice*. First, we look to the plain meaning of Ark. Code Ann. § 7-9-106(b), which provides, "To every petition for the referendum shall be attached a full and correct copy of the measure on which the referendum is ordered." *Id*. The operative phrase is *"every* petition." Here, the plain meaning of Ark. Code Ann. § 7-9-106(b) requires a clerk to reject the petition for referendum if a "full and correct copy of the measure" is not attached. Thus, "every petition" makes no distinction between local, county, or state petitions, and a copy of the ordinance must be attached to the petition. Under *Townsend, supra*, this requirement is mandatory and jurisdictional. *Id*. Because West Memphis did not have a local ordinance already in place on the subject of attachment, the clerk must look to Ark. Code Ann. § 7-9-106(b) for guidance.

■ Second, we must examine the intent of the General Assembly in Act 2 of 1911, which is codified at Ark. Code Ann. § 7-9-106. The title of the act provides:

> An act to provide for carrying into effect the initiative and referendum powers reserved by the people in Amendment No. 10, to the Constitution of the State of Arkansas on *general county and municipal legislation*, to regulate elections thereunder and to punish violations of this Act.

Acts 1911, (Ex. Sess.), No. 2 (emphasis added). Thus, it appears from the language of Act 2 of 1911 that the General Assembly had the intent for this act to apply to "general county and municipal legislation," including local ordinances like the one in the present case.[2]

■ Appellant contends that the word, "measure," which is defined as an "act" in Ark. Code Ann. § 7-9-101(1), does not apply to the West Memphis ordinance. We disagree. Under Ark.

---

[2] We have routinely held that when a municipality acts in a legislative capacity, it exercises a power conferred upon it by the General Assembly. *Summit Mall Company v. Lemond*, 355 Ark. 190, 132 S.W.3d 725 (2003). As a consequence, a legislative act of a municipality equates to an act by the General Assembly. *Id*. We have further stated that the test for determining whether a resolution or ordinance of a municipality is legislation is whether the proposition is one that makes new law or, rather, executes a law already in existence. *Id*. Here, the Council's action in enacting municipal legislation, such as this ordinance, was clearly legislative.

Code Ann. § 7-9-101(1), "measure" applies to "act[s] having *general application throughout the state*[.]" *Id.* (emphasis added). This definition does not conflict with the definition of measure found in Amend. 7, which includes "any bill, law, resolution, ordinance, charter, constitutional amendment or legislative proposal or enactment *of any character.*" Ark. Const. art 5, § 1 (emphasis added). Thus, we do not perceive any conflict between Ark. Code Ann. § 7-9-101(1) and Ark. Code Ann. § 7-9-106(b). We reconcile statutory provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Arkansas Tobacco Control Bd. v. Santa Fe Natural Tobacco Co., Inc.*, 360 Ark. 32, 199 S.W.3d 656 (2004). We also look to the legislative history, the language, and the subject matter involved. *Id.*

Lastly, as we noted in *Townsend, supra*, the purpose of attaching a copy of the measure to the petition is to inform the voter of what he or she is signing, regardless of whether the measure is a statewide act or a local ordinance. Those who sign must have the opportunity to know the contents of the local ordinance *before signing* the petition. *Townsend, supra.* Here, that opportunity was not available in West Memphis. As we said in *Townsend*, "this requirement was intended to secure the voters, whose interests were to be affected, an opportunity to know what they were signing, and to know that they were not signing something different from those whose signatures appeared on the petition." *Id.* Asking the voters to sign a petition without an attached copy of the ordinance would defeat the purpose of Ark. Code Ann. § 7-9-106(b).

For his second point on appeal, appellant argues that the trial court erred in finding that the city clerk did not certify appellant's petition for referendum. Specifically, appellant contends that, because the mayor inadvertently stated in the Council's meeting that the petition had been certified, "[s]uch evidence seems to mandate a factual conclusion that the clerk had determined the sufficiency of the signatures on the referendum."

Appellant's argument is misplaced. Here, the trial court found that the clerk never certified the petition, but rejected it as legally void because a copy of the referred ordinance was not attached to the petition for referendum. In the parties' joint exhibit 1, counsel for appellant and appellees signed a stipulation of counsel stating that the clerk verified that the petition contained the requisite number of signatures, but that the clerk did not issue

a written certification that the petition was legally sufficient. Paragraph 5 of the stipulation of counsel states: "The West Memphis City Council has taken no action to call an election on the petition for referendum for the reason that the petition for referendum has not been certified by the city clerk." For these reasons, we conclude that the trial court was correct in its finding.

Based upon the foregoing conclusions, as well as our standard of review on summary-judgment motions and statutory construction, we hold that the trial court properly ruled as a matter of law that the petition was fatally flawed because it did not comply with Ark. Code Ann. § 7-9-106(b). Accordingly, we affirm.