The Honorable Toni Bradford State Representative
8410 Wildcat Drive Pine Bluff, Arkansas 71603
Dear Representative Bradford:
You asked my opinion on three questions about an attempt to remove an elected municipal official under A.C.A. § 14-42-119 (Supp. 2009).[1] *Page 2 
It appears, and I assume for purposes of this opinion, that the official is serving a four-year term as recorder-treasurer of a city of the second class in a mayor-council form of government, and is therefore subject to removal under A.C.A. § 14-42-119. See
A.C.A. §§ 14-44-103 (Supp. 2009),-105 (Repl. 1998),-114 (Repl. 1998), and-115 (Supp. 2009).
Thirteen pages of a petition for her removal were filed with the recorder-treasurer in her capacity as city clerk. Your request includes copies of the pages. Each page is headed "PETITION" and states that "[w]e, the undersigned citizens, and qualified electors, of the [city] hereby request the removal of [the recorder-treasurer] pursuant to [A.C.A. §] 14-42-119."
You state that a city alderman initially filed pages with 108 signatures. Five days later, the alderman filed pages with 37 more signatures. The next day, another person filed pages with 50 more signatures. It appears that the recorder-treasurer, in her capacity as city clerk, has determined that the petition is sufficient and has submitted it to the county board of election commissioners, both as contemplated by A.C.A. § 14-42-119.
You refer to another state law, an amendment of the Municipal Accounting Law of 1973, that makes a "municipal treasurer who refuses or neglects to maintain the books and records" described in the Accounting Law "guilty of malfeasance" and, "[u]pon conviction in circuit court," subject to a fine and removal from office. A.C.A. § 14-59-118 (Supp. 2009).
I have paraphrased your questions:
 1. Because the petition under A.C.A. § 14-42-119 was initiated by an alderman, was city council authorization required?
 2. Who may file a circuit court proceeding under A.C.A. § 14-59-118?
 3. Must all signatures on a petition under A.C.A. § 14-42-119 be filed at the same time?
RESPONSE
In my opinion, an alderman does not need city council authorization to initiate a petition under A.C.A. § 14-42-119; a charge under A.C.A. § 14-59-118 is a *Page 3 
criminal charge that may be brought by a grand jury, a prosecuting attorney, or a law enforcement officer; and all signatures on a petition under A.C.A. § 14-42-119 need not be filed together.
Question 1 — Because the petitionunder A.C.A. § 14-42-119 was initiated by an alderman, was city councilauthorization required?
The removal statute does not restrict who may initiate a petition. It merely provides that removal proceedings start "[w]hen a petition requesting the removal of an officer . . ., signed by [the required] number of qualified electors . . . is filed. . . ." A.C.A. § 14-42-119(b)(1)(A). It is my opinion that an alderman, like others, is free to prepare, circulate, and file a removal petition and otherwise participate in a removal effort, without authorization from any other person or body.[2]
Question 2 — Who may file a circuit court proceedingunder A.C.A. § 14-59-118?
In my opinion, the conduct described in A.C.A. § 14-59-118, malfeasance in failing to maintain city accounting records, is a criminal offense, properly classified as a violation. See A.C.A. § 5-1-105,-108 (Repl. 2006).[3] It is also my opinion, therefore, that proceedings under A.C.A. § 14-59-118 may be initiated in circuit court by a grand jury's indictment, a prosecuting attorney's information, or a law enforcement officer's citation. See McElhanon v. State,329 Ark. 261, 948 S.W.2d 89 (1997) (person may be charged with crime only by indictment, information, or citation).
Although your request asks the question only by implication, it is also my opinion that A.C.A. § 14-42-119 is wholly independent of A.C.A. § 14-59-118 and that petitioners may invoke the former without regard to whether charges are pending or contemplated under the latter. The statute allowing removal by petition and vote, A.C.A. § 14-42-119, allows voters to remove an official for any or no reason. The existence of a criminal statute under which a recorder-treasurer may be found guilty of malfeasance, A.C.A. § 14-59-118, does not suggest, in my opinion, that the petition removal process should be unavailable. This is particularly true *Page 4 
because the criminal statute (Act 1062 of 2001) predates the petition removal statute (Act 362 of 2009).
Question 3 — Must all signatures on a petitionunder A.C.A. § 14-42-119 be filed at the same time?
The statute, only recently enacted, does not expressly answer this question. The legislature may wish to clarify the matter. Pending legislative clarification, however, it is my opinion that the signatures need not all be filed together.
The Supreme Court of Arkansas has faced a similar question several times. Over a century ago, the court considered several petition pages for a local option election that "were exactly alike, with no difference except the signatures" but were filed or proffered for filing in three parts on different days. Bridewell v. Ward,72 Ark. 187, 189, 79 S.W. 762 (1904). The court held that the pages, presenting a single local option question, should be treated as a single petition, in accordance with the petitioners' apparent intent. Seeid.
In Hammett v. Hodges, 104 Ark. 510, 149 S.W. 667 (1912), the court stated:
 We are of the opinion that the requisite number may be ascertained by adding together the names of the legal voters signed to the separate sheets that have been filed with the Secretary of State within the time prescribed by the act where these separate sheets, embodying the petition of the signers thereto, are in the form prescribed by the statute, and all containing the same subject-matter, the language of each petition being the same. The separate sheets, thus presented and filed in contemplation of the Constitution and statute, constitute but one petition.
Id. at 513.
In Reeves v. Smith, 190 Ark. 213, 78 S.W.2d 72 (1935), a county initiative petition was filed in four parts on two different days. The court held that the parts, all seeking the same thing, lost their identity as parts upon filing and "became one instrument or petition."Id. at 215. The court so held because Ark. Const. amend. 7 (which governed the petition at issue) should be liberally construed to effect its purposes, particularly in county matters; because "due allowances must be made for human frailties" and substantial compliance is therefore sufficient; and because no prejudice arose from the manner of the filing. Id. at 215-216. *Page 5 
In Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960), the court noted "a definite thread running through our cases which says that all petitions in initiated measures should be counted as one petition even though filed on different dates." Id. at 565. See also Kyzar v.City of West Memphis,360 Ark. 454, 461, 201 S.W.2d 923 (2005) (describing Reeves andLeigh as "well-established precedent").
It is true that Reeves and Leigh involved petitions governed by Ark. Const. amend. 7, incorporated as Ark. Const. art. 5, § 1, which expressly allows petitions to be "presented in parts." But the court's decisions in Bridewell andHammett demonstrate that the rule is the same even where the law governing the petition does not contain such a provision.
The statute at hand provides a 20-day period during which a removal petition may be filed. See A.C.A. § 14-42-119(b)(1)(B). In my opinion, so long as all substantially-identical parts of a removal petition are filed within that period, the parts should be treated as a single whole.
The statute provides a ten-day period after the petition is filed during which the city clerk is to determine the petition's sufficiency.See A.C.A. 14-42-119(b)(1)(A). It is my understanding that the recorder-treasurer here, in her capacity as city clerk, certified the petition's sufficiency within ten days after the last of the three filings. In my view, the recorder-treasurer's application of the law was correct and appropriate. The Supreme Court of Arkansas has held that an initiative petition filed in parts is deemed to have been filed on the day the last part was filed. Leigh, supra.
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The statute provides:
 (a) A person who holds an elected office in a municipality for a term of four (4) years in a mayor-council form of government is subject to removal from the office by the electors qualified to vote for a successor of the incumbent.
 (b) The procedure for the removal of a person holding the office is as follows:
 (1)(A) When a petition requesting the removal of an officer under this section, signed by a number of qualified electors equal to twenty-five percent (25%), is filed with the city clerk, the city clerk shall determine the sufficiency of the petition within ten (10) days from the date of the filing.
 (B) A petition shall be filed by 12:00 noon not more than ninety (90) days nor less than seventy (70) days before the next general election following the election at which the officer was elected;
 (2) If the petition is deemed sufficient, the city clerk shall certify it to the county board of election commissioners;
 (3) At the election, the question shall be submitted to the qualified electors in substantially the following form:
 "FOR the removal of (name of officer). . . . from the office of (name of office). . . . []
 AGAINST the removal of (name of officer). . . . from the office of (name of office). . . . [] "; and
 (4)(A) If a majority of the qualified electors voting on the question at the election vote for the removal of the officer, a vacancy shall exist in the office.
 (B) If a majority of the qualified electors voting on the question at the election vote against the removal of the officer, the officer shall continue to serve during the term for which he or she was elected.
[2] Obviously, an alderman's independent participation in a removal effort does not make it an act of the city council, and no one should characterize it as such. I have no reason to believe that anyone has done so here.
[3] Cf. A.C.A. § 14-42-109 (Repl. 1998) (providing for removal, after indictment and conviction for nonfeasance in office, of elected municipal officers), and Op. Att'y Gen. 2006-018 and opinions cited therein (characterizing proceedings under A.C.A. § 14-42-109 as criminal). *Page 1