STEWART v. HULETT.

4-5050

Opinion delivered June 13, 1938.

*Shelby C. Ferguson, Sidney Kelley* and *Oscar E. Ellis,* for appellants.

*John C. Ashley* and *T. J. Carter,* for appellees.

GRIFFIN SMITH, C. J. This appeal questions correctness of a decree declining to "supply and restore the evidence of appellees which was destroyed by fire."

Plaintiffs in the original suit, filed in January, 1937, were M. F. Briggs, W. I. Simpson, Ralph Hall, Adam

Hulett, and Leland Wallace. Hall was circuit clerk, Hulett was sheriff and collector, and Wallace was assessor. Defendants were Lester Stewart, county judge, and E. W. Love, county treasurer. Purpose of the suit was to have Initiated Act No. 1—the county salary act—declared void. By judgment of the county court, duly entered, from which no appeal was taken, the initiated measure, submitted in 1934, was declared to have carried.

When the complaint was filed the chancery court found that it was without jurisdiction and treated defendants' demurrer as a motion to transfer to law. The circuit court remanded to chancery, where an answer was filed. After having had the case under advisement following trial, the chancellor, on August 2, 1937, held that initiative petitions were not filed within sixty days of the election; that there was no publication of notice as required by law subsequent to the time petitions were filed; that the petitions were not verified; that they did not have the requisite number of signatures, and that the act was unconstitutional.

At trial it was agreed that oral testimony be taken in shorthand by the court stenographer, to be transcribed only if an appeal should be prosecuted, and in that event the dissatisfied party would request the stenographer to make up the evidence. After lapse of the term at which the decree was rendered, the court house was destroyed by fire and the stenographer's notes were burned. Thereafter, efforts were made to reach an agreement as to what the testimony was, the result being "an agreement not to agree." Within time for appeal, but after lapse of the term, appellants filed their motion to require the court to supply the missing record.

If the finding of the chancellor that the initiative petitions were filed less than sixty days before the election was sustained by competent evidence, the act was void, and other matters complained of with respect to its submission become unimportant. *Phillips* v. *Rothrock,* 194 Ark. 945, 110 S. W. 2d 26.

There being no evidence in the record to dispute this finding of fact, the presumption of verity which attaches to a judgment or decree must prevail.

The chancellor held that the stenographer's notes were not a part of the court record because they had not been filed, and that §§ 10938 and 10940 of Pope's Digest do not apply.

It is the view of a majority of the members of this court that the appellants were not diligent in prosecuting their appeal, and that it was not error for the chancellor to deny the relief sought.

Affirmed.