Cox v. Wentz.

5-1966

329 S. W. 2d 413

Opinion delivered November 16, 1959.

[Rehearing denied December 21, 1959]

*James R. Hale, Lovell & Evans,* for appellant.

*John H. Joyce, O. E. Williams,* for appellee.

J. SEABORN HOLT, Associate Justice. This action grew out of the Republican Primary held in Washington County in the summer of 1958.

September 6, 1958, appellee, Keith Wentz, filed a petition in Washington Circuit Court for a *writ* of *mandamus* to compel appellants, R. B. Cox, chairman, U. A. Lovell, (later succeeded by E. A. Maestri) secretary, of the Republican Central Committee of that county to certify him as the duly elected central committeeman from Ward Two, Springdale, Arkansas, on August 12, 1958, and further to issue to him a certificate of election, alleging that he had received a majority of the votes cast for the office; further alleging that it was their duty to issue a certificate of election to him but they had refused to do so, thus depriving him of said office. The notice required under Section 33-105 Ark. Stats. was duly served on U. A. Lovell and R. B. Cox. Cox and Lovell filed a motion to quash service of summons which the court overruled. Appellants then filed a demurrer to the petition, which was overruled by the court, with the rights of the parties specifically reserved. Appellants then filed an answer alleging that petitioner was not a qualified elector, did not receive a majority of the votes cast, did not file a corrupt practice pledge, attempted to file for State Committeeman, Precinct Committeeman and Delegate to the County Convention, failed to pay his fee as provided by law, wrongfully and unlawfully caused an alleged ballot form to be used which was inserted in the ballot box in *lieu* of the official ballot prepared by the secretary and that he tried for two positions on the ballot and the official ballot shows that petitioner was

not a candidate for precinct committeeman, alleged that the central committee, as required by statute, on petition of John Rose, a valid candidate for precinct committeeman, threw out the results of the election in Ward Two, Springdale, and certified the rest of the ballots.

Following a hearing on October 31, 1958, the trial court granted the petition for writ of *mandamus* requiring Cox and Maestri to certify appellee, Wentz, as the central committeeman of Ward Two, City of Springdale. The order contains this recital: "The Court finds that the law and Rules of the Party were substantially complied with and petitioner was duly elected as Central Committeeman of the Republican Party of Washington County, Arkansas, in and for Ward 2, Springdale, and should now be given a certificate of election by the present Secretary, E. A. Maestri, who has since succeeded Ulys A. Lovell as Secretary. The Court finds that the former Secretary of the Committee, Ulys A. Lovell, who was Secretary at the time the election was held, had the duty under the law of preparing and printing the ballot for said primary election, and that he accepted and used the substituted ballot and said Respondents are now *estopped* from objecting to same. And now, the Court having taken said matter under advisement, on this 13th day of January, 1959, it is Ordered and Adjudged by the Court that the Respondents, R. B. Cox and E. A. Maestri, as Chairman and Secretary, respectively of said Republican Central Committee of Washington County, Arkansas, be and they are hereby commanded and required within ten days hereafter, to execute and deliver to said petitioner, Keith Wentz, a certificate of election as Central Committeeman of the Republican Party in and for Ward 2 (2), Springdale, Washington County, Arkansas,''. This appeal followed.

For reversal appellants rely on three points which we consider in the order presented. "Point I — The court erred in overruling respondent's special appearance and motion to quash." In support of this contention, appellants strongly rely on Section 27-306 Ark. Stats., which has to do with "summons". We do not

agree that this section has any application here since we are dealing with a petition for *mandamus* and in this situation, *notice* of a hearing on the petition must be served in the manner set out in section 33-105 Ark. Stats. (*MANDAMUS* AND PROHIBITION in PROCEEDINGS) which provides: "Notice of hearing upon any such petition shall be served in writing upon the officer or persons against whom the relief is sought, for such time in such manner as may be prescribed by the court having jurisdiction. Such notice shall state the style of the court, the docket number of the action or proceeding, the date and place of hearing, and the relief sought. The sufficiency of the notice shall be a question for the court." Obviously this section specifically applies to *mandamus* and provides that notice shall be served in writing upon the person or officer against whom relief is sought for the time and in the manner as may be prescribed by the court and the sufficiency of the notice shall be a question for the court. We later point out that appellants were officers. We are not here concerned with a summons as required in Section 27-306 above, but with a *notice* which we think was properly served on appellants in compliance with Section 33-105 above. The trial court so found and overruled appellants' motion to quash in this language: "I. That the notice issued by Lloyd McConnell and served by the Sheriff of Washington County, Arkansas, dated the 14th day of October, 1958, and the notice issued by Lloyd McConnell and served by the Sheriff of Washington County, Arkansas, dated the 6th day of September, 1958, were issued and served according to the laws of the State of Arkansas. II. The Court further finds that Friday, October 31st, 1958, at 9 A. M. is a proper and appropriate time to hear the cause set forth by petitioner in his Petition for Writ of *Mandamus*.

"IT IS, THEREFORE, ORDERED AND ADJUDGED that special appearance and motion to quash of R. B. Cox, Ulys A. Lovell and E. A. Maestri, respectively, be and are hereby overruled, to which action of the Court each respondent specifically objects and excepts.

"IT IS FURTHER ORDERED OF THE COURT that hearing on the petition of Keith Wentz for Writ of *Mandamus* is set for hearing Friday, October 31st, 1958, at 9 A. M., *said respondents being present in open court on this date and are accordingly notified,** to which action of the Court respondents severally object and except." We hold that appellants' motion to quash was properly overruled.

"Point II. The court erred in overruling respondent's demurrer for the reason that the petition stated no cause of action against the respondents. Point III. The court erred in overruling respondent's demurrer for the reason that a writ of *mandamus* will not lie where any question of fact must be determined." We consider these contentions together.

As we view this record, it is in no sense an election contest as appellants seem to contend. The facts appear to us to be undisputed and show that appellee, Wentz, and John R. Rose opposed each other and Rose was defeated. Rose received 7 votes and Wentz 11. Rose did not contest the election, he is not a party here in which Wentz seeks by *mandamus* to require appellants, as chairman and secretary of the Republican Central Committee of Washington County, to perform the purely ministerial duty of issuing to him a certificate of election to which we think he is clearly entitled. *Mandamus* petitions may be heard in either the circuit or chancery courts. Sec. 33-101 Ark. Stats. provides: "Jurisdiction of circuit and chancery courts.—The Circuit and Chancery Court shall have power to hear and determine petitions for the writ of *mandamus* and prohibition, and to issue such writs to all inferior courts, tribunals and officers in their respective jurisdictions." Thus it is clear that these courts have the power to issue the writ of *mandamus* to these officers, Cox and Maestri, appellants.

Section 3-221 Ark. Stats., makes all chairmen and secretaries of county central committees officers within the meaning of Section 33-101 above and subject to *mandamus*. Sec. 3-221 provides: "Members of county cen-

*Emphasis ours.

tral committee declared officers.—The members of the various County Central Committee and the chairman and secretary of each committee are hereby declared to be officers within the meaning of section 7020, Crawford and Moses' Digest (Sec. 33-101). (Acts 1929, No. 116, Sec. 3, p. 568; Pope's Dig., Sec. 4716.)''

In *Irby* v. *Barrett,* 204 Ark. 682, 163 S. W. 2d 512, where it appears that a candidate for state senator sought a writ of *mandamus* requiring the chairman and secretary of the Democratic State Committee to certify him as a candidate for the office of state senator, this court, in holding that *mandamus* was the proper remedy, said that Rule 58 of the Democratic Party ''requires the chairman and secretary to certify the names of all candidates 'who have complied with the rules herein prescribed.' The fact stands undisputed that the petitioner has complied with these rules and, having done so, no duty rests upon, nor is there any power vested in, the chairman and secretary of the committee except to perform the ministerial duty of certifying the names of petitioner and all others who have complied with the party rules.''

So here, as indicated, we think that appellee has complied with the rules of the Republican Party and the law, if not fully—then substantially so, and having done so, no duty rests upon, nor is there any power vested in the appellants, the chairman and secretary of the committee, except to perform the ministerial duty of certifying the name of appellee in this case. We have not overlooked the authorities primarily relied upon by appellants, but we think they are not in point here for the reason that practically all of them involved election contests and not *mandamus* proceedings.

On the whole case, finding no error the judgment is affirmed.