Mark BRADLEY and Linda BRADLEY, Husband
and Wife, and CITY OF RUSSELLVILLE, Arkansas
et al *v.* Judith A. GALLOWAY et al

83-86                                   651 S.W.2d 445

Supreme Court of Arkansas
Opinion delivered May 16, 1983
[Rehearing denied June 20, 1983.]

*Mobley & Smith,* by: *William F. Smith,* for appellants
Bradley.

*John M. Bynum,* City Atty., for appellant City of
Russellville.

*Jonathan P. Shermer, Jr.*, for appellees.

JOHN I. PURTLE, Justice. The Pope County Circuit Court issued a writ of mandamus directing the Russellville City Clerk to determine the sufficiency of a referendum petition filed for the purpose of referring an ordinance to the people for an election. The order was stayed pending this appeal. Two points are argued for reversal. First, that the circuit court was without jurisdiction to enter the order of mandamus. Second, if the circuit court had jurisdiction its decision was clearly erroneous and contrary to the law and the facts. We do not agree with either argument.

On November 12, 1981, the City Council of Russellville, Arkansas enacted ordinance No. 1012 which rezoned certain property within the city. On December 10, 1981, appellees filed an instrument with the city council, in which they sought to refer the above ordinance to the people for a vote. The city clerk then issued a notice of hearing which was scheduled for January 12, 1982. Following the public hearing on the petition the city council and the city clerk, Charles F. Howell, declared the petition for referral of ordinance No. 1012 to be insufficient to the extent that it amounted to nothing and there was nothing which could be done to validate the petition because the time for referral of the ordinance had passed. No time to correct any deficiencies was given to petitioners. Thereafter, a petition was filed in the circuit court for mandamus to compel the city clerk to make a finding as to whether the petition was sufficient and if it were found insufficient, to give petitioners a period of time within which to remedy the deficiencies. After first determining that the city clerk had acted in compliance with Amendment 7 to the Arkansas Constitution, the circuit court entered an order directing the city clerk to comply with Amendment 7 by determining the sufficiency of the referendum petition. Several times the city clerk stated the petition for referendum was insufficient but each time he refused to allow appellees the opportunity to amend, modify or otherwise correct the petition. On June 14, 1982, the circuit court ordered the clerk to give petitioners (appellees) ten days within which to correct or amend the petition. It is from that order that this appeal is taken.

The only issue before this court is the legality of the order of mandamus issued by the circuit court directing the city clerk to comply with Amendment 7 by giving appellees written notice of the insufficiency of the referendum petition and to permit correction or amendment within ten days. Therefore, we will not consider the sufficiency of the referendum petition in the present action. Amendment 7 deals with the sufficiency of such petitions by stating:

> If the Secretary of State, county clerk or city clerk, as the case may be, shall decide any petition to be insufficient, he shall without delay notify the sponsors of such petition, and permit . . . ten days in the instance of a municipal or county petition, for correction or amendment.

The burden of proof in this case is upon those opposing the petition. Although the appellants originally objected to the circuit court's jurisdiction, they subsequently filed numerous requests for affirmative relief and in effect abandoned the objection. After sponsors of an initiative or referendum have been notified by the city clerk that the petition is insufficient they have ten days within which to correct or amend the petition. Any appeal from the decision of the clerk shall be taken to chancery court. However, appellees were not appealing from the decision of the clerk, rather, they were trying to force him to act one way or the other.

Ark. Stat. Ann. § 33-101 (Repl. 1962) gave both circuit and chancery courts jurisdiction to determine petitions for writ of mandamus. This statute has been considered authority for a circuit court to compel the performance of a ministerial duty. *Cox* v. *Wentz,* 231 Ark. 205, 329 S.W.2d 413 (1959). This court has held that chancery courts do not have the power to issue writs of mandamus. *Nethercutt* v. *Pulaski County Special School Dist.,* 248 Ark. 143, 450 S.W.2d 777 (1970). Therefore, the circuit court had jurisdiction to issue a writ of mandamus.

Appellant relies upon *Townsend* v. *McDonald,* 184 Ark. 273, 42 S.W.2d 410 (1931) as authority for upholding the

action taken by the city clerk. In *Townsend* the issue was whether the Arkansas Secretary of State should be required to accept petitions for a referendum on Act 345 of 1931. This court ordered that the petition for mandamus be dismissed. The petition for mandamus in the *Townsend* case was filed directly with the supreme court as provided for in Amendment 7. We considered the petition on its merits and decided that failure to attach a full and correct copy of the measure to be voted upon rendered the petition invalid. In the case before us we do not consider the sufficiency of the petition on its merits. In *Townsend* this court approved the holding in *State ex rel.* v. *Olcott,* 62 Or. 277 (1912). The court in *Olcott* held that if the petition for referendum substantially complied with the requirements of the law then it was sufficient. The Oregon court further held that it was not necessary to have a full and correct copy of the title and text of the measure attached to each sheet of the petition. In the case before us the petitioners seek to have the city clerk inform them of the nature of the deficiencies of their petition and to give them ten days within which to correct or amend. This differs from the relief sought in *Townsend* because there petitioners sought to compel the Arkansas Secretary of State to accept the petitions and certify the matter for an election. Time within which to correct or amend a petition for referendum was not considered or discussed in *Townsend.* Amendment 7 should be liberally construed in order to meet the purposes for which it was adopted. *Armstrong* v. *Sturch,* 235 Ark. 571, 361 S.W.2d 77 (1962). We cannot determine from the record whether any of the petitions had attached to them a copy of ordinance No. 1012. It is not necessary that a full and correct copy of the referred measure be attached to each sheet of the petition. *Leigh* v. *Hall,* 232 Ark. 558, 339 S.W.2d 104 (1960).

We must, therefore, affirm the decision of the lower court in directing the Russellville City Clerk to comply with Amendment 7 of the Arkansas Constitution.

Affirmed.