Jane CZECH, City Clerk of the City of Little Rock
*v.* Lee A. MUNSON, Chancellor

83-208                                              656 S.W.2d 696

Supreme Court of Arkansas
Opinion delivered September 12, 1983

*R. Jack Magruder, III,* City Atty., by: *Hugh L. Brown* and *James L. Sloan,* Asst. City Attys., for petitioner.

*Steve Clark,* Atty. Gen., by: *E. Jeffery Story,* Asst. Atty. Gen., for respondent.

*John Wesley Hall, Jr.,* for real parties in interest.

GEORGE ROSE SMITH, Justice. The only question presented by this application for a writ of prohibition is whether a chancery court has jurisdiction to review a city clerk's rejection of a referendum petition lacking the

minimum required number of signatures, the facts being undisputed.

Last April the Board of Directors of the City of Little Rock passed an ordinance regulating taxicab companies. On the last day for the filing of a referendum petition Jim Hudson and others tendered to the city clerk petitions admittedly containing only 6,175 signatures. Under the controlling statute the minimum required number was 6,576, being 15% of the highest vote cast at the last preceding general election for any position on the city's Board of Directors. Ark. Stat. Ann. § 19-717 (Repl. 1980). The city clerk counted the signatures, as the law required her to do, found them deficient, and refused to accept the petition.

The proponents of the petition filed a complaint in the chancery court, asking that Section 19-717 be declared unconstitutional and that the city clerk be ordered to accept the tendered petition. The defendant's motion to dismiss for want of jurisdiction was denied by the chancellor, who held that under Amendment 7 he had jurisdiction to review the action of the city clerk. This application for a writ of prohibition was then filed by the city clerk.

The motion to dismiss the complaint should have been granted, for on the undisputed facts the complaint does not state a cause of action. As far as the signature requirement is concerned, the case is governed by *Dixon* v. *Hall*, 210 Ark. 891, 198 S.W.2d 1002 (1946). There we held that when a state-wide petition does not contain the required minimum number of signatures, the Secretary of State cannot grant an extension of time beyond that allowed by law. Our reasoning:

> Our view is that, under any rational construction, it was intended that a petition be filed within the time fixed by Amendment No. 7. To be a petition it must, *prima facie*, contain at the time of filing the required number of signatures. Correction and amendment go to form and error, rather than to complete failure.

We are not asked to overrule that decision, nor would we do so. Amendment 7 mandates certainty in an area where

certainty is desirable. Those who undertake the circulation of petitions requiring thousands or tens of thousands of signatures should know at the outset the goal that must be reached before the filing deadline. Additional time may then be allowed if some signatures are found to be invalid.

The proponents ask us to strike down Section 19-717, which sets the minimum at 15% of the highest vote for a board member. Amendment 7 had fixed the minimum at 15% of the total vote cast for the office of mayor at the last preceding general election. When the legislature abolished the elective office of mayor in giving cities the option of adopting a city manager form of government, which Little Rock did many years ago, the lawmakers filled the gap that would otherwise have existed by adopting a minimum signature requirement based on the highest vote for a city director.

It is argued that the statute is unconstitutional, because the legislature might have chosen some smaller minimum, such as 15% of the vote last cast for the office of mayor in Little Rock many years ago or 15% of the lowest vote (instead of the highest) most recently cast for any position on the city board. The only basis for this novel argument is that Amendment 7 should be given a liberal construction. That is true, but the choice of how the amendment is to be implemented to meet new conditions rests with the legislature, not with the courts. The statute actually adopted does no violence to the overall intent of Amendment 7. It is not the judiciary's place, under the guise of liberal construction, to nullify the judgment of the legislature.

Writ granted.

DUDLEY, J., not participating.