The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion on the following question:
 Should petitioners' signatures that are unaccompanied by the proper address or voting precinct be declared valid or invalid for purposes of verifying the sufficiency of the submitted petitions?
The required form of an initiative petition is set forth under Arkansas Code of 1987 Annotated 7-9-104. This form includes a statement that the petitioner has personally signed the petition, that he or she is a legal voter of the State, and that the signer's residence, post office address, and voting precinct are correctly written after his or her name.
Arkansas Code Annotated 7-9-104 is the codification of Section 4 of Act 2 of the Extraordinary Session of 1911. It must be noted that the 1911 Act was repealed by Amendment 7 "so far as the same is in conflict" therewith. Ark. Const. Amend. 7. However, the Arkansas Supreme Court has stated that the part of the 1911 Act as to the form of the petition was not repealed by Amendment 7. Washburn v. Hall, 225 Ark. 868, 286 S.W.2d 494 (1956). It may therefore reasonably be concluded that the form of the petition will withstand scrutiny.
Of additional relevance to your inquiry are the various Code provisions addressing the affidavit required of persons circulating petitions. A.C.A. 7-9-109, which is the codification of Section 8 of Act 2 of the Extraordinary session of 1911, sets forth a verification form which includes a statement that the canvasser believes that each person has stated his name, residence, post office address and voting precinct correctly. A.C.A. 7-9-108, which is the codification of Section 3 of Act 195 of 1943, must also be considered in this regard wherein it states in pertinent part as follows under subparagraph (b):
 Each part of any petition shall have attached thereto the affidavit of the person who circulated the petition to the effect that all signatures appearing thereon were made in the presence of the affiant and that to the best of affiant's knowledge and belief each signature is genuine and that the person so signing is a legal voter.
The language of 7-9-108 is similar to that of Amendment 7 with respect to verification with states:
 Only legal votes shall be counted upon petitions. Petitions may be circulated and presented in parts, but each part of any petition shall have attached thereto, the affidavit of the persons circulating the same, that all signatures thereon were made in the presence of the affiant, and that to the best of the affiant's knowledge and belief each signature is genuine, and that the person signing is a legal voter, and no other affidavit or verification shall be required to establish the genuineness of such signatures.
The copies of petitions submitted with your request reflect a canvasser's affidavit that is substantially in the form prescribed under A.C.A. 7-9-109. However, it is apparent that all of the information referred to in the affidavit does not appear on the petition. Thus, it may be contended that the affidavit is false and that the signatures on that petition are rendered invalid.
It must be noted, however, that the canvasser's affidavit departs from both A.C.A. 7-9-108, supra, and from the verification requirement under Amendment 7 in its inclusion of language with respect to the signer's residence, post office address and voting precinct.
The language of Amendment 7 and the legislature's enactment of7-9-108 subsequent to 7-9-109 compel the conclusion that while the canvasser must state in his affidavit that the signatures were made in his presence and are genuine and that the signer is, to the best of the canvasser's knowledge and belief, a legal voter, the additional statement is not required. It may thus be successfully contended that the affidavit's inclusion of this statement does not signal the invalidity of the signatures.
The affidavit of the canvasser is, generally, given prima facie verity. See, e.g., Sturdy v. Hall, 201 Ark. 38, 43, 143 S.W.2d 547
(1940). This rule would attach to the affidavit of the circulator of these petitions, notwithstanding the reference therein to the petitioners' residence and voting precinct, based upon the foregoing rationale. However, it must also be recognized that this presumption is not conclusive. Sturdy v. Hall, supra. It therefore seems that the question in this instance turns on whether the prima facie case is necessarily overcome where the petition fails to reflect all of the prescribed information. Amendment 7 states that laws may be enacted "to facilitate its operation." The Arkansas Supreme Court has noted in this regard that Amendment 7 authorizes the legislature ". . . to adopt a procedure in harmony with the Amendment to carry out its provisions." Hargis v. Hall, 196 Ark. 878, 887, 120 S.W.2d 335
(1938). It is also clear that a petition will be deemed sufficient if it substantially complies with Amendment 7 and its enabling legislation. Id.; Sturdy v. Hall, supra; Bradley v. Galloway, 279 Ark. 231, 651 S.W.2d 445 (1983).
Amendment 7 also states that "[t]he sufficiency of all State-wide petitions shall be decided in the first instance by the Secretary of State. . . ." See also A.C.A. 7-9-111. The Arkansas Supreme Court has stated in this regard that the Secretary of State, in passing upon the sufficiency of initiative and referendum petitions, "acts in a manner somewhat analogous to the conduct of election officials in tabulating the ballots." Ellis v. Hall,219 Ark. 869, 871, 245 S.W.2d 223 (1952).
We find no Arkansas cases addressing the issue of substantial compliance in connection with the form prescribed for initiative petitions. However, the apparent purpose of the form may offer some guidance in this regard. It may be presumed that the information contained in the form is intended to assist in assessing the signer's eligibility to vote, a determination that is required under Amendment 7. It seems that the Secretary of State may demand all of this information, since the form has been upheld. See, e.g., Ellis v. Hall, supra. However, it may also be concluded that substantial compliance may be found where the information entered on the petition form reasonably affords a sufficient basis for determining whether the signer is a legal voter. While we cannot conclusively resolve this matter in the absence of interpretive authority, the Arkansas Supreme Court's historical liberal construction of Amendment 7 supports the reasonableness of this approach. See, e.g., Bradley v. Galloway, supra; Armstrong v. Sturch, 235 Ark. 571, 361 S.W.2d 77 (1962).
It should be noted at this point that judicial precedent in at lease one other jurisdiction also supports this analysis. The Supreme Court of North Dakota, in the case of Dawson v. Meier,78 N.W.2d 420 (1956), considered the sufficiency of signatures on a state constitutional amendment petition in light of pertinent statutory requirements. The Court initially noted that the initiative and referendum provisions of the North Dakota Constitution are self-executing and mandatory, but that laws may be enacted "to facilitate its operation, but no laws shall be enacted to hamper, restrict or impair the exercise of the rights [therein] reserved to the people." 78 N.W.2d at 423. The pertinent enabling legislation was then reviewed. Section 16-0111 NDRC 1943 was recited in its requirement that persons signing initiative, referendum or recall petitions be "qualified electors" and that "each signer shall add his residence, post office address, and the date of signing." The statute also requires that an affidavit be attached to each petition "to the effect that each signature . . . is the genuine signature of the person whose name it purports to be, and that each such person is a qualified elector." Id. at 424.
The court noted that the constitutionality of the foregoing statute has been upheld, Id. at 423 (citation omitted), and that the legislative intent in adopting the statute "was to regulate and facilitate the circulation of such petition so as to aid the secretary of state to `pass upon each petition' as required by the provisions of the Constitution." Id. The Court then noted that the legislation "must be liberally construed so as to effect this purpose." Id. (Citation omitted).
The court then proceeded to review the petition forms, concluding as follows with respect to those petitions containing only a post office address and no precinct number:
 Having in mind a liberal application of the statute requiring that each signer shall add his residence, post address, and date of signing, we have construed the precinct to be sufficient as a statement of residence referred to in the heading at the top of the form. Where the signer has indicated the date and the name of the town or city of his post office, address, and has added the precinct either by name or number the signature has been accepted. Where, however, the signer on this form has failed to indicate his precinct that signature has been rejected for he has stated only his post office address and has not stated his residence.
Id. at 426, 427. The court did not consider the inclusion of a post office address to be the equivalent of a "residence" designation. However, where a precinct number was provided, the absence of a statement with respect to "residence" was not fatal to the signatures. The following statement is instructive:
 [The petition form] provides a space for both office address and precinct which we have determined to accept as the equivalent of residence. Where the precinct is stated, we find the signatures under this column heading acceptable if they are not otherwise invalid. Where no precinct is stated and the residence is not otherwise designated we must reject the signatures.
Id. at 427. (Emphasis added.) Our Court's past willingness to look to other jurisdictions for guidance in this area (see, e.g., Sturdy v. Hall, supra), signals the appropriateness of our review and consideration of this case. It is my opinion, following the analysis set forth by the North Dakota Court, that the absence of both a residence and a voting precinct would seemingly form a compelling basis for challenging the canvasser's affidavit in this instance. However, the inclusion of either the residence or precinct may constitute substantial compliance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.