The Honorable Jodie Mahony State Representative 406 Armstrong Building El Dorado, Arkansas 71730
Dear Representative Mahony:
This is in response to your request for an opinion on the following questions:
 1. Does Arkansas Code 7-9-111(d)(1)(A) violate Amendment 7 to the Arkansas Constitution by allowing the sponsors of petitions to solicit and obtain additional signatures after the Secretary of State has found the petition to be insufficient?
 2. If the provision is constitutional, is it permissible for the General Assembly to define the words "correction or amendment" as used in Amendment 7 to exclude the solicitation of additional signatures?
Your first question was addressed by the Arkansas Supreme Court in the case of Ellis v. Hall, 219 Ark. 869, 245 S.W.2d 223 (1952). It must be concluded, following a review of that case, that the answer is no.
The Court in Ellis was asked to assess the propriety of the Secretary of State's granting a thirty (30) day extension of time in which to obtain and file additional signatures where the original petition was deemed insufficient following the disqualification of certain signatures. The original petition contained 19,269 signatures which was more than the required 19,025. 219 Ark. at 870. The Secretary of State disqualified 268 signatures and granted a 30-day period for the filing of additional counterparts. Id.
The Court confirmed the propriety of this extension of time, and the following language from the ruling appears to be dispositive of your first inquiry:
 We find the extension of time to have been authorized. When the original counterpart petitions were filed they apparently contained a sufficient number of signers. The petition was therefore prima facie sufficient, which distinguishes this case from Dixon v. Hall, 210 Ark. 891, 198 S.W.2d 1002, relied on by the present contestants. Amendment 7 to the constitution provides: `If the Secretary of State . . . shall decide any petition to be insufficient, he shall without delay notify the sponsors of such petition, and permit at least thirty days from the date of such notification . . . for correction or amendment.' An enabling act provides that after the notice of insufficiency the sponsors shall have thirty days in which `to solicit and obtain additional signatures.' Ark. Stats. 1947, 2-210.
These contestants argue that the thirty days of grace are intended only for the correction of typographical errors and other matters within the control of the sponsors and that the enabling act is invalid in attempting to permit amendments involving the filing of new signatures. This interpretation requires an unduly narrow view of the language of Amendment 7. The Amendment does not say that time shall be allowed for correction only, nor does it condition the granting of an extension upon a finding that the petition is insufficient as to form alone. Instead, the Amendment states that if the petition is found to be insufficient, time must be allowed for correction or amendment. An amendment is more than a mere correction and often adds something to the document amended, just as Amendment 7 itself added something to the constitution. Here the respondent found a prima facie valid petition to be insufficient for want of qualified signers and allowed further time for amendment. This procedure is well within the intention of the constitution.
It thus appears that the Arkansas Supreme Court has specifically confirmed the constitutionality of A.C.A. 7-9-111(d)(1)(A).
In response to your second question, it is my opinion that the ruling in Ellis v. Hall, supra, portends the Arkansas Supreme Court's invalidation of an attempt to preclude the gathering of additional signatures following a determination of insufficiency under Amendment 7. The argument in that case in favor of the invalidity of 7-9-111(d)(1)(A) was rejected following the Court's statement that "[t]his interpretation requires an unduly narrow view of the language of Amendment 7." 219 Ark. at 871, supra.
It must be recognized that the Court will give a liberal interpretation to Amendment 7. Bradley v. Galloway, 279 Ark. 231,651 S.W.2d 445 (1983); Fletcher v. Bryant, 243 Ark. 864,422 S.W.2d 698 (1968). While it is true that all legislative enactments are presumed constitutional, Stone v. State, 254 Ark. 1011,498 S.W.2d 634 (1973), it must also be noted that Amendment 7 specifically states that "[n]o law shall be passed . . . to prohibit the circulation of petitions, nor in any manner interfering with the freedom of the people in procuring petitions."
The case of Dixon v. Hall, 210 Ark. 891, 198 S.W.2d 1002 (1946), which was distinguished form Ellis v. Hall, supra, should, however, be considered in this regard. The petition at issue in that case was originally submitted without the requisite number of signatures. The proponents of the measure argued that they were entitled to a thirty (30) day extension in which to submit additional names. The Court rejected this contention, concluding that the petition was "obviously deficient" and that "[t]o be a petition it must, prima facie, contain at the time of filing the required number of signatures." 210 Ark. at 893.
Dixon v. Hall thus stands for the proposition that the Court will uphold a legislative enactment defining the words "correction or amendment" as excluding the solicitation of additional signatures where the petition as originally submitted is deficient for want of the proper number of signatures. However, it must be concluded under current case law that an act purporting to preclude the solicitation of additional signatures under all circumstances will be deemed unconstitutional as requiring an "unduly narrow view of the language of Amendment 7." Ellis v. Hall, supra at 871.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.