The Honorable Claude V. Cash State Representative Route 2, Box 45 Trumann, AR 72478
Dear Representative Cash:
This is in response to your request for an opinion regarding the amendment of petitions under Amendment 7 to the Arkansas Constitution. The language in question states as follows:
 If the Secretary of State, county clerk or city clerk, as the case may be, shall decide any petition to be insufficient, he shall without delay notify the sponsors of such petition, and permit at least thirty days from the date of such notification, in the instance of a State-wide petition, or ten days in the instance of a municipal or county petition, for correction or amendment.
You have asked the following questions regarding the above provision:
 1. Does this mean that the petitioners are given ten more days to get more signatures or ten days to correct the invalid signatures? When a person was disqualified for birthday discrepancy, I realize they are given the ten days to correct the discrepancy. However, if a person is disqualified because they are not registered at the time of signing the petition, can those persons come back and register and be re-qualified after the petition has been turned in and time has run out?
 2. What is the meaning of "correction and amendment?" Are petitioners given ten additional days each time to collect more signatures to make the original petition valid or ten days to just correct any of the original signatures?
It is my opinion, in response to your first question, that the petitioners may obtain additional signatures and/or make corrections within the ten-day period, as long as the original petition is prima facie sufficient. See Ellis v. Hall,219 Ark. 869, 245 S.W.2d 223 (1952).[1] In Ellis, the Arkansas Supreme Court addressed the propriety of the Secretary of State granting a thirty day extension for obtaining additional signatures where the original state-wide petition was deemed insufficient following the disqualification of certain signatures. The original petition contained 19,269 signatures, which was more than the required 19,025. 219 Ark. at 870. The Secretary of State disqualified 268 signatures and granted a 30-day period for the filing of additional counterparts. Although this case involved a state-wide petition and an applicable statute which specifically authorized the gathering of additional signatures (see A.C.A. § 7-9-111 (Supp. 1991)), language from the ruling reflects the Court's view that additional signatures are authorized under Amendment 7. The court stated:
 These contestants argue that the thirty days of grace are intended only for the correction of typographical errors and other matters within the control of the sponsors and that the enabling act is invalid in attempting to permit amendments involving the filing of new signatures. This interpretation requires an unduly narrow view of the language of Amendment 7. The Amendment does not say that time shall be allowed for correction only, nor does it condition the granting of any extension upon a finding that the petition is insufficient as to form alone. Instead, the Amendment states that if the petition is found to be insufficient, time must be allowed for correction or amendment. An amendment is more than a mere correction and often adds something to the document amended, just as Amendment 7 itself added something to the constitution. Here the respondent found a prima facie valid petition to be insufficient for want of qualified signers and allowed further time for amendment. This procedure is well within the intention of the constitution.
It may therefore be concluded that the solicitation of additional signatures within the ten-day period is, as stated in Ellis,
". . . well within the intention of [Amendment 7.]" Id.
Correction or amendment must, however, be made within the ten days.See Amendment 7.
With regard to that portion of your letter concerning a signer's qualification, it should be noted that even assuming registration does occur within the ten-day period, it is my opinion that new signatures will be required in order for those now-qualified voters to be included as signers. The prior signatures were properly rejected because the signers were not registered voters. I believe that an amendment will be necessary through the submission of additional signatures in order for those signers to be included following their registration. Merely having the persons register, without obtaining new signatures, does not, in my opinion, reasonably fall within what might be considered a "correction." Although, as noted herein in response to your next question, I cannot provide a controlling definition of this term, reference to its usual meaning is supported by general rules of statutory construction. See generally Garrett v. McDonagh,303 Ark. 348, 796 S.W.2d 582 (1990). According to Webster'sSeventh New Collegiate Dictionary (1972), "correction" means,inter alia, "something substituted in place of what is wrong." Webster's at 187. In the case of a signer who is not a qualified voter, subsequent registration does not merely substitute something that was "wrong." The signer was, in fact, not registered. This fact is not changed by the subsequent registration.
With regard to your second question, Amendment 7 does not define "correction or amendment," and thus I cannot provide a controlling definition of these terms. The Ellis case makes it clear, however, that the Court will not take an ". . . unduly narrow view of the language of Amendment 7." 219 Ark. at 871. According to the Court, the grant of an extension is not conditioned upon insufficiency as to form alone. Id. The Court rejected the contention that an extension is only intended for the correction of typographical errors and "other matters within the control of the sponsors. . . ." Id. And the court stated that an amendment ". . . is more than a mere correction and often adds something to the document amended. . . ." Id.
With regard to your question concerning giving the petitioners "ten additional days each time," it is my opinion, as stated above, that the collection of additional signatures is authorized within the ten-day period. It seems clear, however, that there is no authority for extending or enlarging this time period. This was the Arkansas Supreme Court's conclusion in Wait v. Hall,196 Ark. 508, 118 S.W.2d 853 (1938) with regard to a referendum petition, and I believe the same conclusion must apply in the case of an initiative petition. The Court in Wait reasoned that ". . . filing of petitions within the time limited for that purpose is jurisdictional, and they may not be filed after the expiration of that time. [Citation omitted.] . . . The Secretary of State is without power to grant additional extensions of time, except that he may allow thirty days [on state-wide petitions] for correction and amendment." 196 Ark. at 516.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The Ellis case indicates that a petition will be prima facie sufficient if it apparently contains a sufficient number of signatures. The Arkansas Supreme Court in Ellis distinguished a prior case, Dixon v. Hall, 210 Ark. 891, 198 S.W.2d 1002
(1946), where the original petition contained 3,664 names, while the required number was 21,685. See Ellis, 219 Ark. at 870
and Dixon 210 Ark. at 892.