The Honorable John H. Dawson State Representative P.O. Box 336 Camden, Arkansas 71701-0336
Dear Representative Dawson:
This opinion is being issued in response to your recent question regarding signatures on petitions for local initiated acts.
The facts out of which your question arises are as follows: The City of Camden voted in 1995 to change its form of government from the city manager form to the mayor/council form. A special election for the positions of alderman and mayor was held thereafter. Certain residents of the city now want to petition for a local initiated act. Under the provisions of Amendment 7 to the Arkansas Constitution and A.C.A. §14-55-302, the number of signatures required to appear on such petitions is fifteen percent of the total number of votes cast in the last general election for the office of mayor. The City of Camden has never held a general election for the office of mayor. Accordingly, you have presented the following question:
 What is the proper method of calculating the number of signatures required on a petition for a municipal initiated act?
It is my opinion that in a situation where a general election for the office of mayor has not been held, the requisite number of signatures on a petition for a municipal initiated act can be calculated on the basis of the highest number of votes cast in the last general election for the position of city director.
Although Arkansas law is silent on this question, the Arkansas Supreme Court addressed a similar question in Czech v. Munson, 280 Ark. 219,656 S.W.2d 696 (1983). In that case, the court considered the constitutionality of Ark. Stat. Ann. § 19-717 [now, A.C.A. § 14-47-124], which creates a different basis for calculating the number of required signatures on petitions for initiated local acts for cities that operate under the city manager form of government. Despite the requirements of Amendment 7 to the Arkansas Constitution, those cities are allowed to calculate the number of required signatures on the basis of the highest vote cast in the last general election for the position of city director. The court rejected the claim that the statute was unconstitutional, explaining:
 When the legislature abolished the elective office of mayor in giving cities the option of adopting a city manager form of government, which Little Rock did many years ago, the lawmakers filled the gap that would otherwise have existed by adopting a minimum signature requirement based on the highest vote for a city director.
Czech v. Munson, 280 Ark. 219, 221, 656 S.W.2d 696 (1983).
The situation that you have described is directly analogous to the one before the court in Czech v. Munson, in that it involves the absence of a general election for the office of mayor. The court there upheld the legislature's attempt to fill that absence by replacing the mayoral election requirement of Amendment 7 with a minimum signature requirement based upon elections for city director.
I therefore conclude that Czech v. Munson provides authority upon which the City of Camden may calculate the number of signatures required to appear on a petition for a local initiated act upon the basis of the highest number of votes cast at the last general election for the position of city director, at least until the City of Camden holds a general election at which a mayor is elected.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh