The Honorable John H. Dawson State Representative P.O. Box 336 Camden, Arkansas 71701-0336
Dear Representative Dawson:
This opinion is being issued in response to your recent request for a clarification of Attorney General Opinion No. 96-082, in light of additional facts.
In the request for Op. No. 96-082, you indicated that the City of Camden had never held a general election for the position of mayor. In light of that fact, you asked how the city should calculate the number of signatures that must appear on a petition for an initiated act, since compliance with Amendment 7, which requires a calculation based on votes cast at the last election for mayor, would be impossible. On the basis of the facts presented, I opined that the City of Camden is not required to comply with the provisions of Amendment 7. Rather, I opined, the City of Camden can calculate the required number of signatures upon the basis of the highest number of votes cast at the last general election for the position of city director. I based my conclusion on the authority of Czechv. Munson, 280 Ark. 219, 656 S.W.2d 696 (1983). In that case, the Arkansas Supreme Court upheld the constitutionality of a statute that allowed cities operating under the city manager form of government to calculate the number of signatures required to appear on a petition for an initiated act upon the basis of the number of votes cast at the last election for a city director's position.
You have now indicated that prior to 1955, the City of Camden operated under the mayor-council form of government.[1] Therefore, the City has, in fact, held a general election for the position of mayor, but that election occurred prior to 1955. From 1955 until 1995, Camden operated under the city manager form of government, in which the directors are elected in general elections, but the mayor is not. (Under the city manager form of government, the mayor is elected by the directors from among their ranks.) Therefore, Camden's last preceding general election occurred under the city manager form of government, in which no general race for mayor is held.
On the basis of these additional facts, you have presented the following question:
 Since the last general election held in the City of Camden was under the city manager form of government and the mayor was not elected at large, is it permissible to calculate the number of signatures required for an initiated petition on the basis of the number of votes cast at the last general election for any director's position?
Your question gives rise to two issues:
 (1) What is meant by the phrase "last preceding general election," as used in Amendment 7?
 (2) If the calculation is based upon an election for city director, upon what number is the percentage calculated — the total number of votes cast for all directors' positions or the number of votes cast for any one director's position?
RESPONSE
As explained more fully below, it is my opinion that it is permissible for the City of Camden to calculate the number of signatures that are required to appear on a petition for an initiated act upon the basis of the highest number of votes cast at the last election that was held in Camden for any city director's position.
"Last Preceding General Election"
Amendment 7 states: "In municipalities the number of signatures required upon any petition shall be computed upon the total vote cast for the office of mayor at the last preceding general election. . . ." (Emphasis added.) The Arkansas General Assembly has provided some limited guidance as to the meaning of the phrase "general election." In A.C.A. § 7-7-101, the phrase "general or special election" is defined as follows: "[T]he regular biennial or annual elections for election of United States, state, district, county, township, and municipal officials and the special elections to fill vacancies therein and special elections to approve any measure."
Applying this definition to the City of Camden's situation, I must conclude that the last "preceding" regular or biennial election for election of municipal officials was held while the city was operating under the city manager form of government, and therefore did not include a race for the position of mayor.
For this reason, the situation cannot be governed by Amendment 7. Rather, it should be governed in the manner described in Op. No. 96-082. That is, until a general election for the position of mayor is held, the City of Camden is essentially in the same position as a city operating under the city manager form of government. Those cities must, pursuant to the provisions of A.C.A. § 14-47-124 and the authority provided by Czechv. Munson, 280 Ark. 219, 656 S.W.2d 696 (1983), calculate the number of signatures that must appear on a petition for an initiated act on the basis of the last election that was held for city director.
Basis of the Percentage: All Directors' Positions or Any Director'sPosition?
Because I have used the provisions of A.C.A. § 14-47-124 and the decision in Czech v. Munson, supra, as authority for the conclusion stated above, I find it pertinent in addressing the percentage issue to consider the approach that is taken under those authorities. The language of A.C.A. §14-47-124, which the Czech v. Munson court upheld, specifically provides that the calculation is to be based upon "the highest vote cast at the preceding general election for any position on the board of directors of the municipality."[2] (Emphasis added.) Because this is the approach that cities operating under the city manager form of government must follow, and because the City of Camden is in a situation that is essential identical to those cities, I find this approach to be a reasonable one for the City of Camden to take.
I therefore conclude that the City of Camden may calculate the number of signatures required to appear on a petition for an initiated act upon the basis of the highest number of votes cast at the last election that was held in Camden for any city director's position.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] There is some question as to whether the change from the mayor-alderman form to the city manager form took place in 1955 or in 1959. That issue is not pertinent to this decision.
[2] A.C.A. § 14-47-124 [formerly A.S.A. 19-717] was enacted in 1957, when cities did not elect their directors from separate wards. The current application of this statute in cities that do elect directors from wards results in a much lower required number of signatures. This discrepancy in the law is one that has not yet been legislatively or judicially addressed.